NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

BRYAN GENE FELIX, *Appellant.*

No. 1 CA-CR 13-0540
FILED 08-12-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-157059-001
The Honorable William L. Brotherton, Jr., Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Downtown Justice Center, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

¶1 This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Bryan Gene Felix (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2 On the evening of April 17, 2012, fifteen year old victim M.M. was sitting on her mattress in her parents' trailer home when she heard gunshots. Home alone and fearful that a gunman was going to enter the house and "finish the job," M.M. hid in the bathroom. M.M.'s grandmother, who lived just up the street, heard the gunshots and saw a white Jeep speed past. Wanting to make sure everything was okay, the grandmother went to the trailer and discovered M.M. They called 911.

¶3 M.M.'s father, G.M., arrived soon thereafter. Upon hearing that a white Jeep was involved, G.M. told the sheriff's officers that he "knew automatically . . . who did it." G.M. led officers to defendant's house, where a white Jeep was parked and defendant stood outside with a gun in his hand.

¶4 Four shell casings were recovered on the road outside of the home and three bullets penetrated the walls. Investigation revealed the bullets damaged water pipes, and, in one case, completely passed through the mattress M.M. was sitting on during the shooting. A ballistics test and a gunshot residue test showed, respectively, that the bullets matched the gun defendant was holding when officers arrived, and that defendant had evidence of gunshot residue on him.

¶5 The state charged defendant with one count of discharge of a firearm at a structure, a class 2 dangerous felony; one count of endangerment (death), a class 6 dangerous felony; and one count of

disorderly conduct, a class 6 dangerous felony. A jury convicted defendant of all offenses. The trial court sentenced defendant to an aggravated term of 12 years imprisonment for count one, an aggravated term of 2.5 years imprisonment for count two and an aggravated term of 2.5 years imprisonment for count three, all to be served concurrently. The trial court gave defendant 250 days of presentence incarceration credit.

**¶6**      We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

**¶7**      We affirm the convictions and sentences.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh